Jeffrey A. Carr
Matthew R. Cali
PEPPER HAMILTON LLP
(A Pennsylvania Limited Liability Partnership)
Suite 400
301 Carnegie Center
Princeton, NJ  08543-5276
(609) 452-0808

*Attorneys for Plaintiff, Varonis Systems, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VARONIS SYSTEMS, INC.<br>1250 Broadway<br>29th Floor<br>New York, NY 10001,<br><br>                    Plaintiff,<br><br>            v.<br><br>SPHERE TECHNOLOGY SOLUTIONS, LLC<br>525 Washington Blvd.<br>Suite 2635<br>Jersey City, NJ 07310,<br><br>                    Defendant. | CIVIL ACTION NO.<br><br><br>**COMPLAINT** |

Plaintiff, Varonis Systems, Inc. ("Varonis" or "Plaintiff"), by way of complaint against Defendant Sphere Technology Solutions, LLC ("Sphere" or "Defendant"), hereby alleges and states as follows:

### SUMMARY OF THE ACTION

1.      Varonis sold hundreds of thousands of dollars in software products to Sphere for which Sphere has not paid Varonis.  This is despite the fact that Sphere resold the software products to end-users and the end-users paid Sphere for them.  Presently outstanding is

1

a single invoice with a remaining balance of One Hundred Sixty-Seven Thousand Five Hundred Twenty Dollars and Thirty-Nine Cents ($167,520.39).  This amount is undisputed and has been acknowledged by Sphere to be due and owing.  Varonis, therefore, files this Complaint to collect the past due amount, plus late fees on this past due amount and late fees on other invoices that Sphere paid late, costs, and attorneys' fees permitted by contract and by law, and any other relief as this Court may deem just and appropriate.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Varonis is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

3. Defendant Sphere is a limited liability company organized under the laws of the State of New Jersey, with its principal place of business in Jersey City, New Jersey.  Upon information and belief, Margarita Gurevich owns 100% of Sphere's membership interests.  Ms. Gurevich is a citizen of the State of New Jersey.

4. Thus, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 inasmuch as the Plaintiff and the Defendant are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

5. Pursuant to 28 U.S.C. § 1367, this Court also has jurisdiction over the state law claims raised herein.

6. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391.

## ALLEGATIONS COMMON TO ALL COUNTS

<u>THE RESELLER AGREEMENT BETWEEN THE PARTIES</u>

7. Varonis is engaged in the business of developing and selling cybersecurity and data governance software products.

8. Varonis sells its products through resellers.

9. Sphere is engaged in the business of reselling third-party software products to end-users, including Varonis' products.

10. In 2011, Varonis and Sphere entered into a non-exclusive Reseller Agreement (the "Agreement") which provided that Sphere would purchase from Varonis certain software products that Sphere would then resell to end-users. A copy of the Agreement is attached as <u>Exhibit A</u>.

11. Under the Agreement, Varonis granted Sphere the right to "demonstrate, market, distribute and sell" Varonis' products directly to customers within the New York metropolitan territory. <u>See</u> <u>Exhibit A</u> at Section 2.2.

12. Under the Agreement, Sphere submits purchase orders to Varonis for particular customers, Varonis would approve those purchase orders, and then Varonis would issue a corresponding invoice. <u>See</u> <u>generally</u> <u>Exhibit A</u> at Section 3.

13. Regarding payment, the parties agreed:

> <u>Payment Terms</u>. A Credit Application form filled by Reseller is attached to this Agreement as <u>Schedule E</u> and Reseller represents that all information in such form is true and correct. *Reseller shall pay all invoices within thirty (30) days after receipt thereof*. Notwithstanding the foregoing, the Company may require

> satisfactory security as a condition to any payment terms and the Company shall have the right to require payment in advance for the first orders submitted by Reseller and thereafter if it believes, in its sole discretion, that payment of any amount due hereunder is or may become delayed or insecure. In addition to all other rights the Company may have in law and equity, *in the event that any invoice is not paid when due, Reseller shall be subject to a late fee at the rate of 1% per month on the outstanding amount or the maximum rate permitted by law, whichever is less.* The amounts due to the Company as set forth herein are net amounts to be received by the Company, exclusive of all taxes, and are *not subject to offset or reduction because of any costs, expenses, or liabilities incurred by Reseller or imposed on the Company in the performance of this Agreement or otherwise due as a result of this Agreement.*

See Exhibit A at Section 3.7 (emphasis added).

14. Finally, the parties agreed that "[i]n any action or proceeding to enforce rights under this Agreement, the prevailing party shall be entitled to recover costs and attorneys' fees." Exhibit A at Section 10.3.

## THE FAILURE TO PAY INVOICES

15. Sphere failed to timely pay seven invoices issued by Varonis between September 2017 and December 2017 for software products provided to Sphere and/or Sphere's end-users under the terms of the Agreement.

16. While not timely, six of the seven invoices have been paid by Sphere.

17. The single invoice at issue in this case is dated November 7, 2017, in the amount of $279,200.39 (the "Invoice"). A copy of the Invoice is attached hereto as Exhibit B.

18. The Invoice was a result of the acceptance by Varonis of an October 31, 2017 purchase order (the "Purchase Order") from Sphere for particular products and for a particular customer. A copy of the Purchase Order is attached hereto as Exhibit C.

19. By letter dated February 16, 2018, a copy of which is attached hereto as Exhibit D, Varonis notified Sphere that (a) Sphere had failed to timely pay seven (7) invoices to Varonis dating back to September 30, 2017, (b) Sphere (at that time) owed Varonis approximately $587,468.39 in unpaid invoices, and (c) Sphere had seven (7) days within which to pay the outstanding amounts.

20. On or about February 20, 2018, Sphere proposed a payment plan ("First Proposed Payment Plan") to pay back the amounts owed to Varonis over a three month period.

21. Varonis neither agreed to the First Proposed Payment Plan, nor consented to Sphere paying the outstanding amounts over a three month period.

22. Thereafter, Sphere unilaterally began making payments pursuant to its First Proposed Payment Plan.

23. Nevertheless, Sphere did not make all payments pursuant to its unilaterally created First Proposed Payment Plan.

24. By letter dated March 26, 2018, a copy of which is attached hereto as Exhibit E, Sphere (a) admitted that it failed to pay the amounts owed to Varonis, (b) notified Varonis that Sphere intended to terminate its relationship with Varonis, (c) admitted that Sphere still owed (at that time) approximately $387,208 to Varonis on the outstanding invoices, and (d) advised that Sphere was going to pay the remaining amounts outstanding pursuant to a second unilaterally created payment schedule ("Second Proposed Payment Plan") over the course of an additional three months.

25. Varonis neither agreed to the Second Proposed Payment Plan, nor consented to Sphere paying the outstanding amounts over an additional three month period.

26. Thereafter, Sphere unilaterally began making payments pursuant to its Second Proposed Payment Plan.

27. Nevertheless, Sphere did not make all payments pursuant to its unilaterally created Second Proposed Payment Plan.

28. Sphere made its last payment on May 22, 2018 and has made no payment since.

29. By letter dated June 19, 2018, a copy of which is attached hereto as Exhibit F, Varonis, through counsel, (a) notified Sphere that $167,520.39 remained outstanding, (b) advised Sphere's proposed payment plans were inconsistent with the terms of the Agreement, (c) demanded immediate and full payment of the amounts outstanding, and (d) advised that if full payment was not received immediately, then Varonis would pursue legal action.

30. By letter dated June 28, 2018, a true copy of which is attached hereto as Exhibit G, Sphere, through counsel, again acknowledged Sphere's indebtedness, but failed to offer a resolution to the outstanding amounts owed to Varonis.

31. The principal amount outstanding on the Invoice remains $167,520.39.

32. As of the date of this Complaint, Sphere also owes approximately $29,000 to Varonis in late fees for earlier late payments and the amount outstanding on the Invoice.

## COUNT ONE
## (BREACH OF THE AGREEMENT)

33. Varonis realleges and incorporates by reference Paragraphs 1 through 32 as though fully set forth herein.

34. Pursuant to the Agreement, Sphere issued the Purchase Order to Varonis.

35. Varonis accepted the Purchase Order.

36. The products identified in the Purchase Order were delivered and accepted by Sphere and/or Sphere's end-user.

37. Sphere and/or Sphere's end-user did not reject the products.

38. On November 7, 2017, consistent with the Agreement, Varonis sent the corresponding Invoice to Sphere.

39. Sphere, pursuant to the terms of the Agreement, was required to pay $279,200.39 no later than December 7, 2017.

40. Sphere was paid by the end-user on the Invoice.

41. Sphere, however, failed to pay the Invoice in full by December 7, 2017.

42. As outlined above, presently outstanding is $167,520.39 on the Invoice.

43. Under the Agreement, Varonis is entitled to late fees on the amount presently outstanding on the Invoice and late fees on the untimely payments made by Sphere on the other six invoices.

44. Sphere's failure to pay the Invoice in full and late fees constitutes breach of the Agreement.

WHEREFORE, Varonis demands judgment against Sphere and in Varonis's favor in the amount of One Hundred Sixty-Seven Thousand Five Hundred Twenty Dollars and Thirty-Nine Cents ($167,520.39), plus late fees pursuant to Section 3.7 of the Agreement, plus attorneys' fees permitted by Section 10.3 of the Agreement and by law, plus such other relief as this Court may deem just and appropriate.

## COUNT TWO
## (BOOK ACCOUNT)

45. Varonis realleges and incorporates by reference Paragraphs 1 through 44 as though fully set forth herein.

46. Sphere has become indebted to Varonis on a book account.

47. Since as early as 2011, Varonis and Sphere have maintained the account based on Varonis's provision of software products to Sphere and Sphere's end-users. Varonis has regularly notified Sphere of the amounts due for the provision of the software products provided.

48. Sphere has failed to satisfy the debt it owes to Varonis, including the outstanding Invoice balance and late fees.

WHEREFORE, Varonis demands judgment against Sphere and in Varonis's favor in the amount of One Hundred Sixty-Seven Thousand Five Hundred Twenty Dollars and Thirty-Nine Cents ($167,520.39), plus late fees pursuant to Section 3.7 of the Agreement, plus

attorneys' fees permitted by Section 10.3 of the Agreement and by law, plus such other relief as this Court may deem just and appropriate.

## COUNT THREE
### (BREACH OF CONTRACT, UCC § 2-709)

49. Varonis realleges and incorporates by reference Paragraphs 1 through 48 as though fully set forth herein.

50. Varonis and Sphere entered into a series of contracts for the sale of software products. These contracts were formed by Sphere's submission of purchase orders for certain types and quantities of software products, which orders Varonis accepted.

51. With respect to each contract, Varonis tendered the software products to Sphere and/or Sphere's end-user.

52. With respect to each contract, Sphere and/or Sphere's end-user accepted the goods as tendered by Varonis.

53. With respect to each contract, Varonis invoiced Sphere.

54. Sphere failed to pay Varonis for the software products Varonis provided, and Sphere currently owes $167,520.39 to Varonis under the open Invoice.

55. Varonis is entitled to late fees on the amount presently outstanding on the Invoice and late fees on the untimely payments made by Sphere on the other six invoices.

56. Sphere has materially breached the contracts for the purchase of software products by failing to pay in full the price for the goods as set forth in the Invoice and by failing to pay late fees.

WHEREFORE, Varonis demands judgment against Sphere and in Varonis's favor in the amount of One Hundred Sixty-Seven Thousand Five Hundred Twenty Dollars and Thirty-Nine Cents ($167,520.39), plus late fees pursuant to Section 3.7 of the Agreement, plus attorneys' fees permitted by Section 10.3 of the Agreement and by law, plus such other relief as this Court may deem just and appropriate.

### NOTICE OF OTHER ACTIONS PURSUANT TO L.CIV.R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Respectfully Submitted,

s/ Jeffrey A. Carr
Jeffrey A. Carr
Matthew R. Cali
PEPPER HAMILTON LLP
(A Pennsylvania Limited Liability Partnership)
Suite 400
301 Carnegie Center
Princeton, NJ  08543-5276
(609) 452-0808

*Counsel for Plaintiff, Varonis Systems, Inc.*

Dated:  July 25, 2018